UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE DUDUM, et al.,<br>      Plaintiffs,<br>v.<br>CARTER'S RETAIL, INC.,<br>      Defendant. | Case No. 14-cv-00988-HSG<br><br>**ORDER DENYING MOTINO FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 21 |

Pending before the Court is Plaintiffs' unopposed motion for preliminary approval of the class action settlement reached in this case and for certification of the putative settlement class. Dkt. No. 21 ("Mot."). Pursuant to Civil Local Rule 7-1(b), this motion is deemed suitable for disposition without oral argument, and the hearing scheduled for September 10, 2015, is therefore **VACATED**. The Court has carefully considered the arguments made by Plaintiff and, for the reasons described below, **DENIES** the motion for preliminary approval without prejudice.

I.    **FACTUAL BACKGROUND**

    A.    **Litigation History**

On January 27, 2014, Plaintiffs filed a lawsuit against Defendant Carter's Retail, Inc. in the Superior Court for the County of San Mateo. Plaintiffs alleged violations of California's Labor Code and Business and Professions Code, including the failure to pay wages, failure to pay split shift differential wages, failure to reimburse business expenses, failure to provide accurate wage statements, violations of California's Unfair Competition Law, and claims under the Private Attorney General Act ("PAGA"). Plaintiff Julie Dudum also brought individual claims for retaliation, disability discrimination, and wrongful termination. Carter's removed the action to the District Court for the Northern District of California on March 3, 2014.

After exchanging some discovery, the parties participated in a full-day mediation before an

1  experienced class action mediator on October 22, 2014.  The parties continued to work with that
2  mediator in the months following the mediation until a settlement was reached on January 15,
3  2015.  The terms of the formal settlement agreement were finalized on July 7, 2015.  Plaintiffs
4  filed a motion for preliminary approval of that settlement on July 24, 2015.  Dkt. No. 21.

### B. Overview of the Proposed Agreement

The parties have submitted a Joint Stipulation of Settlement and Release (the "Settlement Agreement") for the Court's review.  The key provisions of the Settlement Agreement are as follows.

*Payment Terms*:  In full settlement of the claims asserted in this lawsuit, Carter's agrees to pay $472,000.  This amount includes payments to class members for release of their claims, any award of attorneys' fees and costs, the claims administrator's costs, a $4,000 payment to the Labor and Workforce Development Agency pursuant to PAGA and any incentive award to the named plaintiffs.  Plaintiffs' counsel estimates that $274,500 will be available for disbursement to the class after these amounts are deducted from the total recovery.

The Settlement Agreement provides that the disbursable settlement amount will be allocated to class members based on two factors.  First, "an amount equal or greater than the amount of wages that Defendant might determine through further analysis of payroll data could be owed to each Class Member based on Plaintiffs' regular rate theory shall be calculated."  Mot. at 5.  Second, once all "regular rate theory" payments are calculated, the remainder of the disbursable settlement amount will allocated to class members based on their proportional share of pay periods worked during the class period.

*Attorneys' Fees and Costs*:  The Settlement Agreement authorizes class counsel to apply to the Court for an award of attorneys' fees and costs incurred in litigating this case, not to exceed one-third of the total settlement amount.

*Incentive Payment*:  The Settlement Agreement authorizes the named plaintiffs to seek $5,000 incentive payments (for a total of $25,000) for their participation in this lawsuit.  *Id*. at 21.

*Releases*:  The Settlement Agreement provides that all class members other than those who opt-out shall release Carter's from:

> All claims and causes of action alleged in the Complaint on file in this Action, with the sole exclusion of individual claims made by Plaintiff Julie Dudum (i.e., the Ninth through Eleventh Causes of Action in the Instant Action). The Class Member Released Claims include claims for failure to pay all wages (Labor Code §§ 201, 202, 203, 204, 210, 510 and 1194); failure to provide meal periods or compensation in lieu thereof (Labor Code §§ 226.7 and 512; IWC Wage Order 4-2001); failure to pay split shift differential wages; failure to reimburse business expenses; failure to provide accurate wage statements (Labor Code § 226); penalties pursuant to Labor Code § 558; violation of Business and Professions Code § 17200 (derivative of the Labor Code claims asserted in the Complaint); and penalties pursuant to Labor Code § 2699(f) for violations of Labor Code §§ 201, 202, 203, 204, 210, 226.7, 432, 510, 512, 558, 1194, and 2699(f)(2).

Mot. at 7. The time period for this release is January 27, 2010 through and including January 15, 2015. *Id.*

*Unclaimed Settlement Funds*: The Settlement Agreement provides that unclaimed settlement funds above a fifty percent floor will revert to Carter's.

*Objections*: Any class member who has not opted out may file an objection to the Settlement Agreement (or any of its terms) within 14 calendar days following the conclusion of the 60 day claim period.

## II.   PRELIMINARY APPROVAL

Pursuant to Federal Rule of Civil Procedure 23(e), "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). "The purpose of Rule 23(e) is to protect the unnamed members of the class from unjust or unfair settlements affecting their rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008). Accordingly, before a court approves a settlement it must conclude that the settlement is "fundamentally fair, adequate and reasonable." *In re Heritage Bond Litig.*, 546 F.3d 667, 674-75 (9th Cir. 2008).

In general, the district court's review of a class action settlement is "extremely limited." *Hanlon*, 150 F.3d at 1026. However, where the parties reach a class action settlement prior to class certification, courts apply "a higher standard of fairness and a more probing inquiry than may

3

normally be required under Rule 23(e)." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012) (citation and internal quotations omitted).  Courts "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

At the preliminary approval stage, the Court may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval.  *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *see also Alvarado v. Nederend*, No. 08-cv-01099 OWW DLB, 2011 WL 90228, at *5 (E.D. Cal. Jan. 11, 2011) (granting preliminary approval of settlement in wage and hour class action); Joseph M. McLaughlin, McLaughlin on Class Actions: Law and Practice § 6.6 (7th ed. 2011) ("Preliminary approval is an initial evaluation by the court of the fairness of the proposed settlement, including a determination that there are no obvious deficiencies such as indications of a collusive negotiation, unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys . . . .").  The Court considers the settlement as a whole, rather than its components, and lacks the authority to "delete, modify or substitute certain provision." *Id*. (quoting *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982)).  Rather, "[t]he settlement must stand or fall in its entirety." *Id*.

In this case, the Court finds that the limited information provided by Plaintiffs' counsel precludes the Court from evaluating whether the Settlement Agreement warrants preliminary approval.  While Plaintiffs' counsel states that it conducted a detailed damage analysis, the results of that analysis are not provided to the Court.  Nor does Plaintiffs' counsel discuss whether and why that damage analysis supports the reasonableness of the Settlement Agreement reached in this case.  Accordingly, the Court simply cannot determine whether the $472,500 agreed upon is sufficient to compensate the 466 class-members for the release of the claims sought to be resolved.  At a minimum, any future motion for preliminary approval must disclose the results of Plaintiffs'

4

damage analysis and discuss how that analysis supports the reasonableness of the settlement, given the strengths and weaknesses of the released claims.

The Court notes that several other aspects of the proposed Settlement Agreement raise substantial concerns.  First, Plaintiffs' counsel seeks one-third of the settlement amount as attorneys' fees, which is significantly higher than the 25% benchmark established by the Ninth Circuit.  *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000).  A renewed motion for preliminary approval should provide some justification supporting an award of attorneys' fees at the maximum end of the appropriate range, taking into account that this lawsuit appears to have been settled at an early stage and without any motion practice.  Similarly, a future motion should explain why it is appropriate to provide the five named plaintiffs with incentive awards of approximately 10% of the disbursable settlement amount on top of the normal distribution available to all class members.  Finally, Plaintiff's counsel should also provide an explanation why any reversion of unclaimed settlement funds to Carter's is appropriate.  *See Flores v. Alameda Cnty. Indus. Inc*, No. 14-cv-03011-JD, 2015 WL 3763605, at *3 (N.D. Cal. June 16, 2015) ("The prior settlement agreement [provided that] unclaimed funds reverted to the defendant, which effectively discounts the settlement in an unfavorable way to the class[, which] is an indicia of a collusive deal and unfairness to the class.").  Although Plaintiffs need not fully brief these issues (as would be expected on a motion for final approval), Plaintiffs' counsel must provide the Court a sufficient basis to find that full briefing could support the reasonableness of the terms discussed.

### III. CONCLUSION

For the foregoing reasons, the Court denies **DENIES** Plaintiffs' motion for preliminary approval of the settlement agreement without prejudice.  The Court will set a case management conference if it does not receive a renewed motion for preliminary approval of the class action settlement within **30 days** of the date of this order.

**IT IS SO ORDERED.**

Dated: September 4, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

5